UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERT BAHAMUNDI,

Plaintiff,

-against-

PAUL E. DAVIDSON; BENJAMIN KLEIN; ANDREW ABBOTT,

Defendants.

22-CV-7483 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have violated his rights. The Court construes the complaint as asserting claims based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Named as Defendants are United States Magistrate Judge Paul E. Davison,[1] Assistant United States Attorney (AUSA) Benjamin Klein, and Southern District of New York Pretrial Services Officer Andrew Abbott. By order dated September 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below but grants Plaintiff 30 days' leave to replead his claims against Abbott.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

[1] Plaintiff misspells Judge Davison's name as "Davidson."

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Gilbert Bahamundi asserts his claims using the court's general complaint form. He does not respond to the form's question asking him to indicate a basis for this court's jurisdiction of his claims and he does not specify a cause of action. Plaintiff alleges that the

events giving rise to his claims occurred at the "Southern District of New York." (ECF 2, at 5.) The "Facts" section of the complaint form states in its entirety, "violated civil rights Paul Davidson abuse of power also conspiracy to commit with Benjamin Klein also for malicious prosecution my rights to due process. Attorney miss representation by Benjamin Gold explained all Rights Researved Andrew Abbot signed a paper unduress." (*Id.*)

Plaintiff does not answer questions on the complaint form asking him to describe his injuries and to state the relief he is seeking.

Plaintiff attaches to the complaint a document that bears the case number of his criminal case (No. 7:21-mj-10085-UA) and "ALL ASSOCIATED CASE NO. WITH THIS MATTER," and is captioned as an "Affidavit of fact and surrender of the alleged Defendant/Legal Person/Legal Entity, 'Gilbert Bahamundi.'" (*Id.* at 9.) In the document, Plaintiff states,

> Petitioner, Gilbert of the family Bahamundi, as a self-aware, living man, hereby affirms that I am not GILBERT BAHAMUNDI. It is a "fictitious entity". I declare that I am Gilbert of the family Bahamundi, a sovereign, living and breathing man, and not the LEGAL ENTITY/LEGAL FICTION/LEGAL PERSON, "GILBERT BAHAMUNDI". I, Gilbert of the family Bahamundi, the living man on the land, hereby surrender the LEGAL ENTITY, "GILBERT BAHAMUNDI", by way of a certified copy of "BIRTH CERTIFICATE" #156-73-20662 to this COURT in order to satisfy this matter as well as satisfy the warrant for "GILBERT BAHAMUNDI" which a certified copy is hereby attached to.
>
> Petitioner, Gilbert of the family Bahamundi, hereby demands that the COURT and/or presiding JUDGE remove any so-called warrant for the living man, Gilbert of the family Bahamundi.

(*Id.*)[2]

Plaintiff attaches what appears to be a copy of his birth certificate issued by the City of New York with "VOID" written across it. (*Id.* at 10.) He also attaches a "Declaration of Political

[2] The Court quotes the complaint verbatim. All spelling, grammar, punctuation, and emphasis are in the original.

Status" in which he declares that he was "returned by my lawful birthright political status as a New Yorker, and I claim exemptions as stated in Federal Code [8 U.S.C. § 1101(a)(21)]." [3] (*Id.* at 11.)

Court records indicate that Plaintiff had a criminal case over which Magistrate Judge Davison presided. In a June 3, 2022, judgment, Plaintiff was convicted of assaulting, intimidating, or interfering with a law enforcement officer, and sentenced to three months' imprisonment followed by one year of supervised release. *See United States v. Bahamundi*, ECF 7:22-CR-0078, 23 (S.D.N.Y. June 3, 2022). Plaintiff, through his attorney Benjamin Gold of Federal Defenders of New York, filed a notice of appeal. On September 7, 2022, Plaintiff's attorney filed a letter motion requesting that Judge Davison delay Plaintiff's surrender date, which was scheduled for September 15, 2022, and order the United States Bureau of Prisons to re-designate Plaintiff to FCI Otisville. By memo endorsement dated September 8, 2022, Judge Davison denied Plaintiff's letter motion.

**DISCUSSION**

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[4]

---

[3] The statute cited by Plaintiff, 8 U.S.C. § 1101(a)(21), defines the term "national" as meaning "a person owing permanent allegiance to a state" for the purposes of United States immigration law.

[4] The Court declines to construe Plaintiff's allegations as asserting a claim under the Federal Tort Claims Act (FTCA), which provides for money damages for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1345(b)(1). First, an FTCA claim is not available for a violation of a constitutional right. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). Furthermore, Plaintiff does not allege that he has exhausted FTCA remedies, which is a jurisdictional requirement. C*elestine v Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

*See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [Section 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).[5] *Bivens* provides only for money damages; injunctive or declaratory relief is not available under *Bivens*. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities.").

Here, Plaintiff alleges that Defendants violated his civil rights during his criminal proceeding. These allegations cannot be considered viable claims under *Bivens*. The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). In recent decisions, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v.*

---

[5] Federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a federally protected right. Thus, case law from actions brought under Section 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

*Abbasi*, 137 S. Ct. 1843, 1857 (2017); *see also Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022) (holding in the context of a Fourth Amendment claim under *Bivens* that "superficial similarities are not enough to support the judicial creation of a cause of action"). Plaintiff's claims of alleged violations during a criminal trial do not fall into one of these categories and would constitute an expansion of the *Bivens* doctrine.

The Court need not reach the issue of whether a *Bivens* claim for money damages may lie against federal officials based on Plaintiff's allegations at this stage, however, because Plaintiff has not pleaded facts that would state such a claim.[6]

**A. Judicial Immunity**

Even if Plaintiff's complaint could be construed as implicating a *Bivens* claim, it would still be dismissed as applied to Magistrate Judge Davison. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions

[6] Though, typically, "the *Bivens* question . . . is 'antecedent' to the other questions presented," *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citing *Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014)), the Supreme Court has endorsed "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy," *Id*. at 2007.

that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Davison acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Davison for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's *Bivens* claims against Judge Davison under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B. Prosecutorial Immunity**

Similarly, even if Plaintiff had alleged facts implicating a Bivens claim, it would also be dismissed as applied to AUSA Klein. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de*

*Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against Klein are based on actions within the scope of Klein's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**C. Claims against Abbott**

Plaintiff has failed to state a claim under *Bivens* against Pretrial Services Officer Abbott. Plaintiff's sole allegation, that Abbott "signed a paper unduress [sic]," (ECF 2, at 5), is insufficient to suggest that Abbott violated any of Plaintiff's federal constitutional rights. Accordingly, Plaintiff has not provided facts to support a claim that falls within the *Bivens* contexts previously recognized by the Supreme Court, and, as discussed above, expanding the *Bivens* remedy is now a "disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1857 (internal quotation marks omitted). The Court therefore dismisses Plaintiff's *Bivens* claims against Abbott for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff may be able to allege additional facts in support of a *Bivens* claim against Abbott, the Court grants him 30 days' leave to replead a claim against Abbott.

**D. Challenge to Plaintiff's Conviction**

To the extent Plaintiff's request that the Court "satisfy the warrant" for Plaintiff or to "remove any so-called warrant" for Plaintiff can be construed as challenging the validity of his conviction in *United States v. Bahamundi*, No. 22-CR-0078 (S.D.N.Y. June 3, 2022), a civil action under *Bivens* is not the proper vehicle to challenge a criminal conviction. Challenges to the constitutionality of a federal conviction can be raised on direct appeal from the conviction or in a motion under 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement).

Plaintiff's appeal from his conviction is still pending, and thus a Section 2255 motion is premature. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (holding that, although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," such review should proceed only in extraordinary circumstances because "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"). Moreover, Rule 2(b) of the Rules Governing Section 2255 Proceedings requires a Section 2255 motion to specify all of a movant's grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. Plaintiff's submission does not comply with the requirements of Rule 2(b). The Court therefore declines to recharacterize this civil action as a motion under Section 2255, and dismisses Plaintiff's claims that his rights were violated in connection with his conviction, without prejudice to Plaintiff's filing such a motion at a later time.

**E. State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). If Plaintiff fails to state a claim under federal law in the amended complaint, any state law claims Plaintiff may be asserting will be dismissed under 28 U.S.C. § 1367(c)(3) without prejudice to Plaintiff's pursuing those claims in an appropriate state-court forum.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this stage that amendment of Plaintiff's claim against Abbott would be futile, the Court grants Plaintiff 30 days' leave to file an amended complaint detailing his claim against Abbott. Because *Bivens* does not provide for declaratory or injunctive relief, the amended complaint must state the amount of money damages Plaintiff is seeking from Abbott. Plaintiff may not reassert any federal claims that have previously been dismissed.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the monetary relief Plaintiff seeks.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's *Bivens* claims against Judge Davison under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]." ); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed

as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

The Court dismisses Plaintiff's *Bivens* claims against AUSA Klein because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

The Court dismisses Plaintiff's *Bivens* claims against Abbott for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to recharacterize this civil action as a motion under Section 2255, and dismisses Plaintiff's claims that his rights were violated in connection with his conviction, without prejudice to Plaintiff's filing such a motion at a later time.

Plaintiff is granted 30 days' leave to file an amended complaint that complies with the standards set forth above.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7483 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

The Clerk of Court is instructed to hold this matter open on the docket until a judgment is entered.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 17, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

____________________________________________________

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

____________________________________________________

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**____ Civ. ________ ( ____ )**

**AMENDED COMPLAINT**

Jury Trial: ☐ Yes ☐ No
(check one)

**I. Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff
Name ________________________________________
Street Address ____________________________________
County, City _____________________________________
State & Zip Code __________________________________
Telephone Number _________________________________

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name ___________________________________________
Street Address ___________________________________________
County, City ___________________________________________
State & Zip Code ___________________________________________
Telephone Number ___________________________________________

Defendant No. 2
Name ___________________________________________
Street Address ___________________________________________
County, City ___________________________________________
State & Zip Code ___________________________________________
Telephone Number ___________________________________________

Defendant No. 3
Name ___________________________________________
Street Address ___________________________________________
County, City ___________________________________________
State & Zip Code ___________________________________________
Telephone Number ___________________________________________

Defendant No. 4
Name ___________________________________________
Street Address ___________________________________________
County, City ___________________________________________
State & Zip Code ___________________________________________
Telephone Number ___________________________________________

**II. Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? ___________________________________________

___________________________________________

___________________________________________

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ___________________________________________
Defendant(s) state(s) of citizenship ___________________________________________

___________________________________________

## III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? ________________________________

______________________________________________________________________________

B. What date and approximate time did the events giving rise to your claim(s) occur? ___________

______________________________________________________________________________

______________________________________________________________________________

C. Facts: ______________________________________________________________________

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

## IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. ________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

**V. Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. ________________________________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _______________, 20___.

Signature of Plaintiff ____________________________________

Mailing Address ____________________________________

____________________________________

____________________________________

Telephone Number ____________________________________

Fax Number *(if you have one)* ______________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: ____________________________________

Inmate Number ____________________________________